1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    NESTOR GIOVANNI RODRIGUEZ            Case No. 23-cv-05304-PCP
     ESCALANTE,
8                                         **ORDER DENYING MOTION TO**
                    Plaintiff,            **REMAND**
9
            v.                            Re: Dkt. No. 13
10
     MICHAEL FLORES,
11
                    Defendant.
12

13          Plaintiff Nestor Giovanni Rodriguez Escalante filed this lawsuit against defendant Michael

14   Flores in September 2023 alleging harassment and requesting a temporary restraining order

15   (TRO). After the state court granted Escalante's requested TRO, Flores removed the case to

16   federal court, contending that Escalante's claim is preempted by federal labor law. Escalante now

17   asks this Court to remand the lawsuit to state court for lack of subject matter jurisdiction.

18          The facts and procedural history in this case are nearly identical to those in the related case

19   *Mitchell v. Flores*. After participating in a three-day strike protesting his employer Premier's

20   purported unfair labor practices in May 2023, Flores was fired in August 2023. Since his firing,

21   Flores has been engaged in ambulatory situs picketing against Premier, which involves

22   participating in a moving picket line at sites where Premier conducts regular business. Robert

23   Mitchell, an Operations Manager at Premier, then filed a lawsuit against Flores in California state

24   court alleging harassment and requesting a TRO. The state court granted the requested TRO, after

25   which Flores removed the case to federal court and Mitchell then moved to remand. In *Mitchell*,

26   the Court denied plaintiff Robert Mitchell's motion to remand because Flores produced evidence

27   supporting this Court's exercise of federal question jurisdiction and the factual disputes relating to

28   that issue were intertwined with the merits of Mitchell's claim. 23-cv-04891, Dkt. No. 31.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Here, Escalante filed a similar lawsuit against Flores in California state court alleging harassment. Dkt. No. 1-1. Like the allegations in *Mitchell*, Escalante alleges that Flores threatened his safety by calling him a "b*tch" and by warning Escalante that he should "be careful." *Id.* at 13. Escalante also alleges that Flores harassed him for being Mexican, stalked Escalante by chasing him with a police siren, and flashed hand signs at Escalante that insinuated violence. *Id.* at 17–18. But as in *Mitchell*, Flores denies these allegations and responds that he was only engaged in picketing activities protected by the NLRA. *Id.* at 49; Dkt. No. 12, at 5 (suggesting that Flores has "never harassed, intimidated, molested, attacked, struck, threatened, assaulted, hit, abused, destroyed the personal property of, or disturbed the peace" of Escalante). Flores also contends that the TRO against him, which requires him to stay 300 yards away from Escalante, effectively prohibits Flores from engaging in lawful picketing activity at Premier workplaces and ambulatory situses. Dkt. No. 12, at 5. Flores thus argues that Escalante's state law claim for civil harassment is completely preempted by the NLRA, providing this Court with jurisdiction under 28 U.S.C. § 1331. *Id.* at 3–4; *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959). In response, Escalante counters: "I have not stopped Mr. Flores from any picketing activity[.] I have only asked him to stop harassing me and to respect me." Dkt. No. 13, at 7.

For the same reasons articulated in *Mitchell*, the Court finds that it has subject matter jurisdiction here because there is a factual dispute concerning NLRA preemption that is both material to the Court's jurisdiction and intertwined with the merits of the case. *See DeFiore v. SOC LLC*, 85 F.4th 546, 553 (9th Cir. 2023); *see also Leite v. Crane Co.*, 749 F.3d 1117, 1122 n.3 (9th Cir. 2014) (noting that where a factual dispute concerning jurisdiction is "intertwined with an element of the merits of the plaintiff's claim," a court must leave its resolution "to the trier of fact"). Escalante's motion to remand is therefore similarly denied.

**IT IS SO ORDERED.**

Dated: June 20, 2024

_____
P. Casey Pitts
United States District Judge